IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANORCARE OF EASTON PA LLC,<br>      Plaintiff,<br>   v.<br><br>THE ESTATE OF JOSEPH A. NAGY,<br>      Defendant<br><br>_____<br><br>THE ESTATE OF JOSEPH A. NAGY and<br>JOSEPH EUGENE NAGY,<br>      Counter-Plaintiffs,<br>   v.<br><br>MANORCARE OF EASTON PA LLC;<br>KENNEDY, PC; NORTHAMPTON COUNTY;<br>AETNA, INC.; DR. EDWARD CUMBO; DR.<br>DILIP BERA; BRAKELEY PARK CENTER;<br>NEW EASTWOOD CARE AND REHAB;<br>COMMONWEALTH OF PENNSYLVANIA;<br>DR. STEPHEN KSIAZEK; and ST. LUKE'S<br>WARREN HOSPITAL,<br>      Counter-Defendants | CIVIL ACTION<br>NO. 13-5957 |

**MEMORANDUM**

**SCHMEHL, J. /s/ JLS**                                                        **DECEMBER 13, 2017**

Defendant/Counter-Plaintiff the Estate of Joseph A. Nagy ("the Nagys") *pro se* moves for fees and costs associated with his defense against Plaintiff/Counter-Defendant ManorCare. This petition follows this Court's dismissal of the Nagys' counterclaims and voluntary dismissal by ManorCare. The Nagys rely on the "American Rule established in 1868, specifically, the exception of said rule in that an award may be made to successful party's attorney fees." (ECF Docket No. 132.) The Nagys allege $77,092.44 in attorney's fees for two hundred (200) weeks worked and any further relief in respect to punitive damages. (Id.) Given the Nagys' status as *pro se* litigants, the Nagys are not

entitled to attorney's fees. Even if the Nagys were entitled to attorney's fees though, the Nagys were not the prevailing party. For the reasons stated below, this Court will deny the Nagys' petition.

A.      Facts

As this opinion is written for the benefit of the parties, this Court will briefly discuss only the pertinent facts. ManorCare commenced this action in the Court of Common Pleas in Northampton County, PA. ManorCare sued Defendant Joseph A. Nagy to recover money owed for his late wife's care. Joseph A. Nagy, joined by his son Joseph Eugene Nagy, inexpertly attempted to *pro se* remove the case and counterclaim. Following a hearing, this Court ordered the Nagys to file an amended counterclaim that more clearly explained the claims and intended counter-defendants. Given the relative incomprehensibility of the Nagys' counterclaims, ManorCare and other defendants moved for a more definite statement. This Court denied the motion concluding: 1) the basic nature of Nagys' complaint was minimally comprehensible, and included an identifiable, enumerated list of counts on which court proceedings could focus; and 2) given the original counterclaim and other documents, any new filing by the Nagys would doubtfully be more definite or comprehensible. Rather than ordering a more definite statement, this Court instructed ManorCare and the other Counter-Defendants to again move for dismissal setting forth additional grounds.

All Counter-Defendants individually moved to dismiss the Nagys' amended counterclaim. In a September 29, 2017 Opinion, this Court granted all Counter-Defendants' motions with prejudice. Following this Court's Opinion, Plaintiff ManorCare moved to dismiss its complaint against the Nagys citing Fed. R. Civ. P.

41(a)(2); on October 3, 2017, this Court dismissed ManorCare's complaint against Joseph A. Nagy. On October 19, 2017, the Nagys *pro se* moved for attorney's fees.

B.   Analysis

  a.   The Nagys are not entitled to attorney's fees as *pro se* litigants.

It is well-settled that non-lawyer, *pro se* litigants may not receive attorney's fees regardless of the outcome of the case. *Pitts v. Vaughn*, 679 F.2d 311, 313 (3d Cir. 1982). Our Circuit has examined the differences between *pro se* litigants and litigants represented by counsel. *Id.* (citing *Cunningham v. F. B. I.*, 664 F.2d 383 (3d Cir. 1981) (analyzing and denying attorney's fees to *pro se* litigant under a Freedom of Information Act case)). These differences illustrate, according to our Circuit, Congress's unwillingness to provide the equivalent of attorney's fees to *pro se* litigants. *Id.*

First, our Circuit noted *pro se* litigants do not suffer "the same sorts of financial burden and obstacles as those inherent in retaining a lawyer." *Id.* (citing *Cunningham*, 664 F.2d at 386). Second, *pro se* litigation does not provide the "objectivity and detachment" an attorney may provide against unnecessary litigation. *Id.* And third, compensation for *pro se* litigants "leads to difficult valuation problems not present when determining the costs of representation by an attorney." *Id.* There being no accepted market value nor a cost to serve as a baseline makes any value selected by *pro se* litigants arbitrary. *Id.*

Our Circuit in *Cunningham* considered these three factors together and deicded against extending attorney's fees "beyond its natural domain." *Id.* Our Circuit applied the above factors to FOIA cases and civil rights cases alike, concluding "Congress did not intend to permit a *pro se* litigant to recover attorney's fees" under other statutes.

Although the Nagys' counterclaims vary from Civil Rights and Elective Franchise to RICO and Racketeering, this Court does not intend to extend attorney's fees beyond its "natural domain." Therefore, the Nagys, as non-lawyer *pro se* litigants, are not entitled to attorney's fees.

> b. Even if *pro se* litigants could recover fees, the Nagys were not the prevailing party.

The taxing of costs and attorney's fees is governed by Fed. R. Civ. P. 54(d)(1), which states: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Our Circuit has defined prevailing party as "whether plaintiff achieved 'some of the benefit sought' by the party bringing the suit." *Tyler v. O'Neill*, 112 Fed.Appx. 158, 161 (3d Cir. 2004) (citing *Institutionalized Juveniles v. Secretary of Public Welfare*, 758 F.2d 897, 910 (3d Cir. 1985).

Typically, a prevailing party is a party in whose favor judgment is rendered for purposes of Rule 54(d). Because the focus is on the relief actually obtained, we look to the substance of the litigation and "refuse to give conclusive weight to the form of the judgment." *Id.* (citing *Ross v. Horn*, 598 F.2d 1312, 1322 (3d Cir. 1979), *cert. denied*, 448 U.S. 906, 100 (1980)). "It logically follows from this approach that a party is prevailing to the extent extrajudicial relief renders claims moot. Moreover, significant to the prevailing party inquiry is whether the resolution of the dispute materially altered the legal relationship between the parties." *Id.* (citing *Institutionalized Juveniles*, 758 F.2d at 911; *Truesdell v. Philadelphia Hous. Auth.*, 290 F.3d 159, 163-64 (3d Cir. 2002)).

However, the prevailing party analysis is altered when neither party prevails on its claim. When this occurs, a case-specific inquiry is required. Some courts have denied

awarding costs when neither party prevails; other courts have taxed costs in favor of a defendant "who failed to sustain a counterclaim yet successfully defended against a plaintiff's substantial claims." *Id.* at 162 (citing *Magee v. McNany*, 11 F.R.D. 592 (W.D. Pa. 1951) (denying costs to either party when neither party prevailed on its claims); *Scientific Holding Co. v. Plessey*, Inc., 510 F.2d 15, 28 (2d Cir.1974) (awarding costs to defendant who failed to sustain a counterclaim but successfully defended against plaintiff's substantial claims)).

If neither party prevails, courts "examine whether the defendant has advanced counterclaims that are not related in some way to the main complaint, or otherwise require proof outside the scope of plaintiff's claim, and also examine the relative 'size' of the counterclaims in comparison to the counts in the complaint." *Id.* In *Lacovara*, this Court found defendant the prevailing party despite neither party being awarded damages concluding "the defendant's counterclaim was limited to $4,494 while the complaint sought over $80,000, and that the bulk of the trial consisted of proving plaintiff's claims." *Lacovara v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 102 F.R.D. 959, 961 (E.D. Pa. 1984). This Court relied on the Second Circuit's analysis in *Scientific Holding Co.* awarding costs in favor of the defendant although the District Court dismissed both plaintiff's complaint and defendant's counterclaims. *Scientific Holding Co., Ltd. v. Plessey Inc.*, 510 F.2d 15, 28 (2d Cir. 1974). The District Court and Second Circuit found for defendant because defendant's counterclaims were limited to two items resulting in little trial time while the plaintiff claimed $1,260,000 in damages, used 16 witnesses resulting in over 1,800 pages of testimony, and required three weeks of trial; the Second Circuit relied on prior district court rulings which found "a defendant who

5

successfully fends off a large claim may be awarded costs despite failure to prevail on counterclaim." *Id.*; *see also City of Rome v. Glanton*, 184 F.R.D. 547, 550-51 (E.D. Pa. 1999) (concluding the court should look to the nature of the counterclaims and their relationship to the main complaint).

ManorCare sued Joseph A. Nagy to recover money owed for his late wife's care; Joseph A. Nagy *pro se* removed the case and counterclaimed. The Nagys' counterclaim consisted of fourteen counts: FDCPA violations; Major fraud against the United States; Racketeering; RICO; Conspiracy Against Rights; Legal Malpractice; Civil Rights and Elective Franchise; Abuse of Process; Capitis Diminutio; Petition for Constructive Trust; and Wrongful Death. This Court dismissed all counterclaims; upon dismissal, ManorCare voluntarily dismissed its complaint against the Nagys. (ECF Docket No. 130.)

Unlike *Tyler*, where our Circuit upheld appellees' counterclaim which "involved the same legal and factual issues which formed the basis of the defense to the complaint," we cannot find the Nagys' counterclaims legally and factually related to ManorCare's complaint. The Nagys' counterclaims were rife with unrelated and untenable federal criminal claims – claims which do not create a basis for civil liability. The counterclaims were unrelated to ManorCare's claim for recovery of an unpaid debt and required facts outside the complaint. The Nagys' fourteen counterclaims were outside the scope and far outnumbered the claims in ManorCare's complaint. The dismissal of the fourteen counterclaims by this Court and ManorCare's voluntary dismissal of its complaint certainly diminishes the Nagys' arguments that they successfully defended ManorCare's larger claims.

Accordingly, the Nagys are not entitled to attorney's fees given the nature of the counterclaims and their attenuated relationship to ManorCare's complaint.

C.  Conclusion

In the accompanying Order, this Court denies the Nagys' Motion to Tax Attorney in Fact and *Pro Se* Fees, Costs and Brief in Support. Given the Nagys' status as *pro se* litigants, the scope of the Nagys' counterclaims, and unsuccessful attempt at defending against ManorCare's larger claims, this Court does not find the Nagys eligible or entitled to recover attorney's fees.